**In re Deryl Fred BASS, SS # 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A, and Mildred Nancy Bass, SS # 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, Debtors.**

**MORRIS MALER SHIRT MANUFAC-TURING COMPANY, INC., a corporation, Plaintiff,**

**v.**

**Deryl Fred BASS, et al., Defendants.**

**Bankruptcy No. 80-01002 M L.**
**Adv. Nos. 80-0433, 80-0460 and 80-0461.**

United States Bankruptcy Court,
D. New Mexico.

June 23, 1982.

James S. Starzynski, Albuquerque, N.M., for plaintiff.

Jennie Deden Behles, Albuquerque, N.M., for defendants Bass and Lill.

Ruth Musgrave Silver, Asst. U. S. Atty., Albuquerque, N.M., for U. S. Dept. of the Treasury.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court March 12, 1982, on plaintiff's Motion for Partial New Trial and to Alter or Amend Judgment. Present were James S. Starzynski for plaintiff, Jennie Deden Behles for defendants Bass and Lill, and Ruth Musgrave Silver for defendant US Department of the Treasury.

The facts are these: On June 24, 1981, a trial on the merits of plaintiff's complaint for conversion and imposition of a constructive trust on the debtor's assets was com-

menced. The trial was before the Honorable Louis Puccini, Jr., United States Bankruptcy Judge for the District of New Mexico, in Las Cruces, New Mexico, and lasted until midday, June 26, 1981. The Court took the matter under advisement and approximately one month later issued a Memorandum Opinion and Order. The Memorandum Opinion made the following findings:

1. Defendant Deryl Bass did convert to his own use property of Morris Maler Shirt Manufacturing Company, Inc., in the amount of $267,096.00 (that amount being stipulated to by the parties). There was no conclusion that the act was done on behalf of the community or that Mildred Bass personally converted any of the property.

2. A fiduciary relationship existed between both Morris Maler and his successor, Jerry Foster, and Deryl Bass during the period of the conversion.

3. Plaintiff had the burden of proof in tracing the converted property and identifying it in its substituted form in the bankruptcy estate.

4. The evidence did not support a finding that any of the property claimed by the plaintiff is directly traceable in whole to the funds converted.

5. The transfer of $2,500.00 to David and Martha Lill was in consideration for services performed.

Plaintiff now requests this Court to overturn the findings made by Judge Puccini, who resigned effective July 30, 1981, three days after his order issued. Plaintiff advances as grounds for a new trial:

A. a lack of time for Judge Puccini to adequately consider the evidence presented;

B. manifest error in findings of fact; and,

C. manifest error of law.

■ Plaintiff argues that this Court's power to amend a judgment or to grant a new trial results from the interworkings of Fed.R.Civ.P. 59, 60, and 63 with Bankr. Rules 923 and 924. On their face, Bankr. Rules 923 and 924 make Rules of Civil Procedure 59 and 60 applicable in this action. Plaintiff also contends that Judge Puccini's resignation is a "disability" under Rule 63, which would give any judge presently sitting on the Bankruptcy Court the power and authority to hear this motion. This power is not, however, a carte blanche right which allows this Court to sit, almost as if an appellate body, reviewing decisions of former judges and overruling any with which it disagrees. Although this Court is apparently free to critique its own findings and orders, it is bound by the presumption that the findings of another judge in the same court are correct. *Humphrey v. Bankers Mortgage Co.*, 79 F.2d 345 (10th Cir. 1935). This presumption results in the general rule that, absent special circumstances, the acts of one judge are not open to review by another judge of the same court having coordinate jurisdiction. *Humphrey, Id.; Stevenson v. Four Winds Travel, Inc.*, 462 F.2d 899 (5th Cir. 1972); *T. C. F. Film Corporation v. Gourley*, 240 F.2d 711 (3rd Cir. 1957); *Berry v. School District of City of Benton Harbor*, 494 F.Supp. 118 (W.D.Mich.1980). The necessity for this rule is apparent, as any other would "strike down orderly procedure and substitute unseemly conflict in its stead." *Humphrey, supra*, 79 F.2d at 352. It is equally clear that the exceptions to the rule should be limited to very special instances, such as the situation in *Berry, supra*, where an intervening decision of a higher court had affected the law of the case. Plaintiff in the instant case has urged no such special circumstances, and none have come to the attention of the Court from other sources. Accordingly, we must review plaintiff's motion mindful of the strict limitations on this Court's power to review Judge Puccini's findings.

■ Plaintiff's first ground for retrial or amended judgment is that Judge Puccini had insufficient time to review the numerous documents offered and admitted into evidence at the trial as proof that the converted funds could be traced to specific properties. Plaintiff relies on the intricacies of the evidence considered, the length

of time between the end of this trial and Judge Puccini's resignation, and the number of other decisions also rendered by the court during that period of time. However, plaintiff can offer no objective evidence of how many hours, or indeed days, may have been spent in the consideration of this case, or how many were necessary. Further, we may infer from Judge Puccini's opinion that he felt he had thoroughly reviewed the evidence. Given that inference, it is not appropriate for this Court to substitute its own standards for analysis of evidence and speculate as to the probability that those standards were not met. Accordingly, plaintiff's motion cannot stand on the ground that there was insufficient time for a proper review of the evidence.

Next, this Court must consider plaintiff's arguments that the failure to declare a constructive trust on the debtors' assets was a result of errors of law and fact. Plaintiff would have this Court re-decide the issue of burden of proof and examine all the evidence in light of that new decision. However, plaintiff has offered no new decision; nor has plaintiff advanced any other argument of sufficient weight to convince this Court to make an exception to the general rule that Judge Puccini's decision is not open to review by this Court. The Court is sympathetic to plaintiff's argument that care should be taken to assure that the decision in this case was properly rendered. However, since it was rendered by another judge of the same court, we feel it is necessary to respect and not overrule the decision and order of July 27, 1981.

This Court does not feel that the interests of justice will suffer at the expense of judicial comity as a result of this decision, since a retrial is not the only remedy available to plaintiff. If factual errors were made on the basis of misunderstandings of the legal principles which govern the case, then plaintiff clearly has a remedy in the appeal process. Indeed, if invested with appellate jurisdiction, we most likely would grant the requested relief. But we do not have such jurisdiction and the most appropriate action in this case would be an appeal since the appellate court clearly has the power and authority to review the questions of law and fact which plaintiff has presented here.

An appropriate order shall enter.

## ORDER

This matter came before the Court on plaintiff's Motion for Partial New Trial and to Alter or Amend Judgment. The Court, being fully informed and advised in the matter,

ORDERS that plaintiff's motion should be, and the same hereby is, denied.